UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOE,<br><br>    Defendant. | CASE NO.: 5:22-cv-00398-JA-PRL |

**DEFENDANT'S UNOPPOSED MOTION TO PROCEED ANONYMOUSLY**

Defendant, John Doe ("Doe"), by and through undersigned counsel and pursuant to this Court's Order of September 27, 2022 at D.E. 10 (at p. 2, ¶ 2), hereby moves to proceed anonymously in this litigation, and in support thereof states as follows:

**INTRODUCTION**

The Complaint in this matter was filed on September 7, 2022 alleging Doe committed copyright infringement of Plaintiff's adult-themed motion pictures which "are distributed through the Blacked, Tushy, Vixen, and Blacked Raw adult websites and DVDs". *See* Complaint at ¶ 3 [D.E. 1]. Plaintiff filed the Complaint identifying Doe by IP address, and then sought and was granted permission to serve a subpoena to an internet service provider to determine the account holder that is associated with said IP address.

On information and belief, the account holder associated with the referenced IP address is Doe, whom undersigned counsel represents. Doe wishes to proceed anonymously for the following reasons: Doe is married and is an active member of a religious organization. If his name were to be revealed in connection with the allegations of this action, it could severely

1

impair his ability to practice his religion and would very likely affect his marriage and reputation in the community in a highly negative way. At this juncture, given that Doe has not been found responsible for copyright infringement of the adult films owned by Plaintiff, it would be inequitable to force him to be publicly associated with the allegations in the Complaint.

By merely being associated with the allegations in this case by name, Doe believes he may be subjected to ridicule, embarrassment, inter-personal conflict, stress, anxiety, and the constant fear that his spouse, fellow religious congregants, and/or friends may discover the allegations associated with him. This is an incredibly harsh punishment that Doe doesn't deserve at this juncture, as he has not yet had an opportunity to mount a defense in this matter.  Of course, adjudicated violations of the Copyright Act are typically remedied with monetary awards and/or injunctive relief, not a lifetime of fear and embarrassment imposed on an individual (and potentially the accompanying emotional and mental-health harm that could result).  Whereas here, as an individual that is simply associated with an IP address that may or may not have been involved in copyright infringement of adult films, Doe certainly doesn't deserve that potentially harsh punishment at this juncture.

## **MEMORANDUM OF LAW**

The 11th Circuit has examined the issue of anonymity in the context of an action involving adult-themed films and undertook somewhat of a balancing test examining the potential harm to the party pursuing anonymity and the harm of anonymity to the party seeking disclosure of the party's identity. *See Plaintiff B v. Francis*, 631 F.3d 1310 (11th Cir. 2011)[1].  In *Plaintiff B,* despite *inter-alia,* strong constitutional arguments by the press, the 11th Circuit

---

[1] Undersigned does not cite *Plaintiff B* in order to equivocate the victims seeking anonymity there with the Defendant here, but merely to illustrate that in a matter where strong public-policy arguments were put forth favoring public disclosure of the names, the 11th Circuit nonetheless reversed the NDFL trial court and allowed the movants to maintain anonymity through trial.

2

allowed the movants to stay anonymous while reversing the Northern District of Florida trial court. Here, those factors favoring public disclosure aren't present and maintaining the anonymity of Defendant will allow him to defend himself on the merits without fear of the negative consequences described above.

Further, anonymity will still allow the Plaintiff to pursue their claim on the merits, but without the inequitable leverage that the potential negative-effects of disclosure of Defendant's identity will provide.  Indeed, courts have acknowledged that when a defendant is facing allegations potentially related to the viewing of adult-themed films, defendants "embarrassed about the prospect of being named in a suit involving pornographic movies, settle." *MCGIP, LLC v. Does 1-149*, No. 11-cv-02331, 2011 WL 4352110, at *4 (N.D. Cal. Sept. 16, 2011).

Finally, courts of this district have allowed other Defendants facing similar suits from the Plaintiff here to proceed anonymously. *See Strike 3 Holdings LLC v. John Doe*, (MDFL Case No. 3:19-cv-00508; Nov. 5, 2019 Order). In fact, thousands of other suits of this nature, by this same plaintiff, have been resolved in Federal District Courts of this state and around the country, without public revelation of the Defendants' names.  *See generally* PACER/ECF search results for "Strike 3 Holdings".

## **CONCLUSION**

For the foregoing reasons, including the potential for significant harm to Doe if anonymity is destroyed, and the lack of potential harm to the Plaintiff and the public if anonymity is maintained, this Court should grant the relief requested herein.

WHEREFORE, Defendant Doe respectfully moves this Honorable Court to enter an Order allowing Defendant to proceed anonymously in this matter.

## LOCAL RULE 3.01(G) CERTIFICATION

Undersigned certifies that movant has conferred with counsel for Plaintiff, and Plaintiff does not oppose the relief sought herein.

Date: October 28, 2022           **SOUTH FLORIDA LAW, PLLC**
                                 1920 E. Hallandale Beach Blvd., Ste. 702
                                 Hallandale Beach, FL 33009
                                 Office: (954) 900-8885
                                 Fax: (954) 900-8886
                                 */s/ Frank DelloRusso*
                                 FRANK DELLORUSSO
                                 Florida Bar No. 111949
                                 fdellorusso@southfloridalawpllc.com
                                 MICHAEL J. RUTLEDGE
                                 Florida Bar No. 1025657
                                 mrutledge@southfloridalawpllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 28, 2022, I filed the foregoing document with the Middle District of Florida's CM/ECF system, which has caused email service to be made upon all counsel of record.

                                 */s/ Frank DelloRusso*