UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**STRIKE 3 HOLDINGS, LLC,**

    **Plaintiff,**

v.                                        Case No: 5:22-cv-398-JA-PRL

**JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 67.174.26.2,**

    **Defendant.**

___

## ORDER

Before the Court in this copyright infringement case is the Defendant's unopposed motion to proceed anonymously. (Doc. 11).

Under "Federal Rule of Civil Procedure 10(a), 'every pleading' in federal court 'must name all the parties.'" *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020). Although not absolute, Rule 10(a) "creates a 'strong presumption in favor of parties proceeding in their own names[.]'" *Id.* (citing *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)). Courts in the Eleventh Circuit only permit a party to proceed anonymously in "exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Strike 3 Holdings, LLC v. Doe*, No. 6:19-cv-631-Orl-31DCI, 2019 U.S. Dist. LEXIS 239801, at *1 (M.D. Fla. Oct. 31, 2019) [hereinafter *Doe I*] (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

To proceed anonymously, a party must establish "a substantial privacy right . . . outweigh[ing] the 'customary and constitutionally-embedded presumption of openness in

judicial proceedings.'" *Neverson*, 820 F. App'x at 986 (citations omitted). A court considers the "totality-of-the-circumstances" in determining whether a party's privacy right outweighs the presumption of openness. *Id.* (citing *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020)). Several non-dispositive factors are relevant to the consideration:

> (1) whether the party challenges government activity[;] (2) whether the party will be 'required to disclose information of the utmost intimacy[;]' (3) whether the party will be coerced into admitting illegal conduct or the intent to commit illegal conduct, thereby risking criminal prosecution[;] (4) whether the party is a minor[;] (5) whether the party will be exposed to physical violence should he or she proceed in their own name[;] and (6) whether proceeding anonymously 'pose[s] a unique threat of fundamental unfairness to the defendant.'

*Strike 3 Holdings, Ltd. Liab. Co. v. Doe*, No. 3:19-cv-508-J-34JRK, 2019 U.S. Dist. LEXIS 191709, at *2 (M.D. Fla. Nov. 5, 2019) [hereinafter *Doe II*] (citations omitted).

Given the nature of cases like the instant one, courts try to balance the harm of potential wrongful identification with the presumption of openness in judicial proceedings. *See id.* Courts approach a party's motion to proceed anonymously differently—depending, in part, on the harms the party alleges: some deny or grant, but others grant to a limited extent, permitting anonymity until the party files an answer or until 90 days after service of the complaint. *See id.* (granting motion entirely); *see also Doe I*, 2019 U.S. Dist. LEXIS 239801, at *7 (permitting party to proceed anonymously until 90 days after service of complaint).

Although Doe alleges embarrassment in his religious community and marriage if he cannot proceed anonymously, his allegations (as currently alleged) fall short of those justifying a complete grant of his motion. *Cf. Doe II*, 2019 U.S. Dist. LEXIS 191709, at *2-3 (allowing anonymity for businessman, licensed real estate broker, board member at museum, and religious man without criminal history), *with Neverson*, 820 F. App'x at 987 ("'personal

embarrassment' alone does not justify proceeding under a pseudonym [or anonymously].") (citing *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019)).

However, considering different judicial approaches allowing a party to proceed anonymously, and weighing the reputational harm risks to Doe against the presumption of openness in judicial proceedings, I find this is an exceptional case warranting Doe to proceed anonymously (at least initially) until 90 days after service of the Complaint. In coming to this conclusion, the Court recognizes (as others have done) that "there is a substantial risk that a non-infringing party could be identified and served because the subscriber at the IP address at issue may not be the same individual who engaged in the alleged infringing activity." *Doe II*, 2019 U.S. Dist. LEXIS 191709, at *3.

Further, the Court considered that given this suit's nature and the copyrighted material, it may involve "'information of the utmost intimacy' . . . and 'matters of a highly sensitive and personal nature'[.]" *Id.* (citations omitted). Finally, given Plaintiff's consent to this motion, it fails to suffer prejudice by allowing Defendant to proceed anonymously for a limited time. *See id.*

Accordingly, it is **ORDERED** that the motion is granted to the limited extent that the Defendant, John Doe IP Address 67.174.26.2, can proceed anonymously for 90 days after service of the Complaint. On or before the 90th day after service, if the case is still pending and Defendant wishes to continue proceeding anonymously, he must file a motion in compliance with the Local Rules seeking leave to continue proceeding anonymously and consistent with the law addressed in this Order.

**DONE** and **ORDERED** in Ocala, Florida on November 3, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties